CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CHRISTY O' CONNOR (Bar No. 250350)
(E-Mail: Christy_O'Connor@fd.org)
RAMANUJAN NADADUR (Bar No. 315718)
(E-Mail: Anuj_Nadadur@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
CATALINO VALIENTE ALONZO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CATALINO VALIENTE ALONZO,<br><br>    Defendant. | Case No. CR 18-0059-DMG<br><br>**DEFENDANT CATALINO VALIENTE ALONZO'S *EX PARTE* APPLICATION FOR A TRIAL CONTINUANCE, OR IN THE ALTERNATIVE, FOR A COMPETENCY HEARING UNDER 18 U.S.C. § 4241; DECLARATION OF COUNSEL** |

1  Defendant Catalino Valiente Alonzo, by and through his counsel of record, Deputy
2  Federal Public Defenders Christy O'Connor and Ramanujan Nadadur, hereby applies
3  *ex parte* for a continuance of the trial in this matter to October 3, 2022. Mr. Valiente
4  proposes that the pretrial conference in this matter shall be on September 13, 2022 at
5  2:39 pm.
6      This application is supported by the attached Declaration of Counsel, and all files
7  and records in this case.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

July 22, 2022                              By  /s/ *Christy O' Connor*
                                               Christy O' Connor
                                               Deputy Federal Public Defender

### **DECLARATION OF CHRISTY O'CONNOR**

I, Christy O'Connor, hereby state and declare as follows:

1. I am counsel of record for Catalino Valiente Alonzo ("Mr. Valiente"). I make this declaration in support of Mr. Valiente's request for a continuance of his trial or, in the alternative, for the initiation of competency proceedings under 18 U.S.C. § 4241.

2. Based on our meeting with Mr. Valiente yesterday afternoon, Mr. Nadadur and I have reason to doubt his competency to stand trial.

3. At our earliest opportunity following the meeting, Mr. Nadadur and I informed Assistant United States Attorney Mausner that we would be filing a request for a trial continuance. AUSA Mausner opposes our request.

4. We propose to the Court two alternative reliefs: the Court could grant a modest continuance to allow the defense team to investigate whether competency proceedings are necessary, or the Court could initiate competency proceedings under 18 U.S.C. § 4241.[1]

---

[1] The statute provides that a court "shall" grant a partiy's motion for a hearing to determine a defendant's mental competency "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241. The Supreme Court has described incompetency in terms of the right not to be tried. *E.g., Godinez v. Moran*, 509 U.S. 389, 396 (1993) ("A criminal defendant may not be tried unless he is competent."). Courts have held that amnesia regarding the alleged crime may establish a basis for a finding of incompetence in a particular case. *See United States v. Andrews*, 469 F.3d 1113, 1119 (7th Cir. 2006); *United States v. Villegas*, 899 F.3d 1324, 1341 (2d Cir. 1990); *United States v. Rinchack*, 820 F.2d 1557, 1569 (11th Cir. 1987); *Davis w. Wyrick*, 766 F.2d 1197, 1202 (8th Cir. 1985); *United States v. Swanson*, 572 F.2d 523, 526 (5th Cir. 1978); *accord United States v. No Runner*, 590 F.3d 962 (9th Cir. 2009); *See also* 1 Wayne R. LaFave, *Substantive Criminal Law*, § 8.1(a) at 567 (2d ed. 2003) ("[T]rial of an amnesiac defendant can be fundamentally unfair in some circumstances and consequently trial judges must determine, on a case-by-case basis, whether the defendant could likely receive (and, at the conclusion of the trial, whether he in fact did receive) a fair trial.").

5.  Mr. Nadadur and I apologize for the inconvenience that this request has caused. We are conscious of the time and resources that the Court, the parties, and the witnesses have expended in preparing for an August 2nd trial. We do not make this request lightly, and we do so in an effort to comport with our ethical duties.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 22nd day of July, 2022.

By  /s/ Christy O'Connor
CHRISTY O'CONNOR
Deputy Federal Public Defender

# SPEEDY TRIAL WAIVER
## USA V. CATALINO VAIENTE ALONZO
### CR 18-59-DMG

This application for an order continuing the trial date has been explained to me in Spanish, the language I understand best, and I have carefully discussed every part of it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than October 4, 2022. I understand that I will be ordered to appear in Courtroom 8C of the Federal Courthouse, 350 W. First Street, Los Angeles, California, on September 13 2022, at 2:30 p.m. and on October 4, 2022 at 8:30 a.m.

*[signature]*

CATALINO ESTEBAN VALIENTE ALONZO
Defendant

7/22/2022
DATE