UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES—GENERAL**

Page **1** of **2**

| Case No. | CR 18-59-DMG | Date | December 27, 2022 |
|---|---|---|---|

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE |
|---|---|
| Interpreter | N/A |

| Kane Tien | Not Reported | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendant(s): | Present | Appt. | Ret. |
|---|---|---|---|---|---|---|---|
| Catalino Esteban Valiente Alonzo | Not | | ✓ | Christine O'Connor, DFPD | Not | | ✓ |

**Proceedings: [IN CHAMBERS] ORDER FINDING DEFENDANT COMPETENT TO STAND TRIAL**

On December 19, 2022, the Court held a hearing to determine Defendant Catalino Valiente Alonzo's competency to stand trial, pursuant to 18 U.S.C. § 4241(c). The Court heard testimony from Miguel E. Gallardo, Psy.D. and Arthur P. Kowell, M.D., Ph.D., for the defense, and Diana S. Goldstein, Ph.D., for the Government. Dr. Goldstein testified remotely. The Court additionally heard testimony from R. Ryan Darby, M.D., whom the Court appointed as a neutral expert pursuant to Fed. R. Evid. 706. Following the hearing, the Court allowed the parties to submit briefing on the issue of Defendant's competency to stand trial. [*See* Doc. ## 148, 149.]

At a competency hearing, the Court determines whether, by a preponderance of the evidence, "the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense[.]" 18 U.S.C. § 4241(d). Competence to stand trial means a "sufficient present ability to consult with [the defendant's] lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (internal quotation marks and citation omitted); *see also Odle v. Woodford*, 238 F.3d 1084, 1089 (9th Cir. 2001) ("[C]ompetence to stand trial . . . requires the mental acuity to see, hear and digest the evidence, and the ability to communicate with counsel in helping prepare an effective defense."). The Government bears the burden of demonstrating by a preponderance of the evidence that the defendant is competent to stand trial. *United States v. Hoskie*, 950 F.2d 1388, 1392 (9th Cir. 1991).

The Court has reviewed and considered the testimony of the various experts at the hearing, as well as the parties' submissions, which include Dr. Gallardo's September 20, 2022 Neuropsychological Consultation Report [Doc. # 115 at 6[1]] and revised October 20, 2022 Report [Doc. # 142 at 4], Dr. Kowell's September 16, 2022 Neurologic Consultation Report [Doc. # 115 at 18], Dr. Goldstein's

---

[1] Citations to the record are to the CM/ECF pagination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES—GENERAL**

Page **2** of **2**

September 23, 2022 report on Defendant's competency to stand trial [Doc # 118],[2] and Dr. Darby's December 12, 2022 report on Defendant's competency to stand trial [Doc. # 138 at 2].

Neither of Dr. Gallardo's reports includes a conclusion regarding Defendant's competency to stand trial. [*See* Doc. ## 115, 142; *see also* Doc. # 115 at 18–27 (Dr. Kowell's report, which also did not reach a conclusion regarding competency).] The Court is not persuaded by Dr. Gallardo's late-blooming conclusion of incompetency during his hearing testimony, given Dr. Gallardo's conclusion that Defendant is in "the beginning stages of what I am calling some cognitive impairments." [Doc. # 145 at 37–38.] The Court finds Dr. Darby, whom the Court appointed as an independent, neutral expert, to be more credible than Defendant's experts, to the extent there is a conflict.

Having considered all of this information, the Court concludes that Defendant is competent to stand trial under the legal standard set forth above. Defendant has a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings against him. Therefore, the Court finds by a preponderance of the evidence that Defendant is not presently suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *See* 18 U.S.C. § 4241(d).

**IT IS SO ORDERED.**

---

[2] Defendant objects to consideration of Dr. Goldstein's report on the basis that Goldstein testified via videoconference and not in person at the competency hearing. [*See* Doc. # 122.] In his briefing to the Court on this issue, Defendant did not provide any cases holding that he has a right to confront the Government's competency expert *in person* at a competency hearing. At the competency hearing, the Government explained that although it had mistakenly failed to request Dr. Goldstein's presence at the hearing, she nevertheless remained unable to travel to California to testify, due to a medical issue. [*See* Doc. # 145 at 10.] The Court finds that Defendant was able to effectively cross-examine Dr. Goldstein via videoconference and declines to reconsider its ruling allowing her to do so or to strike Dr. Goldstein's testimony or report. *Accord United States v. Rivera-Diaz*, No. CR07-1382-PHX-DGC, 2008 WL 5082162, at *3 (D. Ariz. Nov. 26, 2008) (allowing an expert to testify via videoconference where the expert's medical condition prevented travel and finding that remote testimony did not violate the defendant's due process or statutory rights under 18 U.S.C. § 4247(d)).