CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
RAMANUJAN NADADUR (Bar No. 315718)
(E-Mail: Anuj_Nadadur@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
CATALINO VALIENTE ALONZO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>         v.<br><br>CATALINO VALIENTE ALONZO,<br><br>             Defendant. | Case No. 18-CR-00059<br><br>**MEMORANDUM RE HEARSAY AND CONFRONTATION CLAUSE OBJECTIONS TO GOVERNMENT EXHIBITS ONE THROUGH FIVE** |

Catalino Valiente Alonzo, by and through his counsel of record Deputy Federal Public Defenders Ramanujan Nadadur and Christy O'Connor, hereby files his memorandum re hearsay and Confrontation Clause objections to the Government's Proposed Exhibits 1-5. The exhibits proffered by the government do not satisfy the

//

//

//

hearsay exceptions identified by the government and their admission would violate Mr. Valiente Alonzo's Confrontation Clause right.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: January 23, 2023          By  /s/ *Ramanujan Nadadur*
                                 Ramanujan Nadadur
                                 Deputy Federal Public Defender
                                 Attorney for CATALINO VALIENTE ALONZO

## I. INTRODUCTION

Mr. Catalino Valiente Alonzo ("Mr. Valiente") understands that the Court has held that portions of the Guatemalan court records, and the letters describing them, are admissible on Federal Rules of Evidence 401 and 403 grounds. (Dkt No. 175 at 2.) While Mr. Valiente previously objected to these records on hearsay and Confrontation Clause grounds, this brief fleshes out those objections with well-established case law demonstrating that the current versions of the exhibits are not admissible as a matter of law. It would be erroneous for the Court to admit them.

## II. ARGUMENT

It is undisputed that the government's Proposed Exhibits 1 through 5 are hearsay. *See* Gov't Trial Memo at 6. They are out of court statements that the government is offering for their truth. *See* FRE 801(c). The parties do dispute whether the records may be admissible pursuant to one of the exceptions to the hearsay rule. In its Trial Memorandum, the government proffered five hearsay exceptions: (1) records of a regularly conducted activity (FRE 803(6)); 2) public records (FRE 803(8)); 3) ancient documents (FRE 803(16)); 4) judgment of a previous conviction (FRE 803(22)); and 5) the residual exception (FRE 807). However, it provided no argument or case citations demonstrating how these records satisfy each of these exceptions. As discussed below, none of these exceptions permit admission of the exhibits in their current form and the only exception that allows admission of some portions of the exhibits—Rule 803(22)—allows only those portions that relate to the fact of Mr. Valiente Alonzo's prior conviction and the essential facts supporting it.

    1.    **FRE 803(22) Judgment of a Previous Conviction**

This exceptions provides that:

Evidence of a final judgment of conviction may be admissible if: (A) the judgment was entered after a trial or guilty plea, but not a nolo contendere plea; (B) the conviction was for a crime punishable by death or by imprisonment for more than a year; (C) the evidence is admitted to prove any fact essential to the judgment; and (D)

when offered by the prosecutor in a criminal case for a purpose other than impeachment, the judgment was against the defendant.

Judicial findings are not admissible pursuant to Rule 803(22). *See e.g.*, *United States v. $125,938.62*, 537 F.3d 1287, 1292 (11th Cir. 2008) (finding a Nicaraguan conviction and the sentence of an individual admissible pursuant to FRE 803(22), "however, none of the relevant facts found in the judgment of conviction were admissible in the district court."). That is because the express language of the rule provides that only the evidence of final judgment is admissible, not the factual findings contained therein. Put another way, when the judgment is being offered to prove the truth of the findings contained in it, as opposed to a legally operative fact like the fact of a prior conviction, the judgment is inadmissible hearsay. *United States v. Sine,* 493 F.3d 1021, 1036–37 (9th Cir.2007) ("[t]he introduction of discrete judicial findings and analysis underlying [a] judgment to prove the truth of those findings and ... analysis constitutes ... hearsay."); *United States v. Stinson*; 647 F.3d 1196, 1211 (9th Cir. 2011) (same).[1]

Imagine if this was a felon-in-possession-of-a-firearm case where a prior felony conviction was an element of the offense. Under no circumstance would the factual findings in the prior conviction be admitted at trial. The only evidence that would be admissible is the judgment itself, and if the defendant did not offer to stipulate, the nature of the offense, not the opinions or analysis of the judge presiding over the case.

Moreover, the unredacted portions of the exhibits largely do not contain "facts essential to the judgment." The identities of the victims, the motive for their killings, etc., are not essential to any permissible purpose for which the exhibits can be offered—the fact that Mr. Valiente Alonzo had been convicted in Guatemala.

---

[1] While the Court has already decided this issue, several of these cases also hold that judicial opinions are unduly prejudicial. "[F]actual testimony from a judge can unduly affect a jury." *Sine,* 493 F.3d at 1033 (9th Cir. 2007) (citing *Chein v. Shumsky,* 373 F.3d 978, 989 n. 6 (9th Cir. 2004) (en banc)). This is because "jurors are likely to defer to findings and determinations relevant to credibility made by an authoritative, professional factfinder rather than determine those issues for themselves." *Id*.

2

1 Accordingly, the underlying judicial analysis and conclusions contained in the
2 proffered exhibits do not satisfy the hearsay exception for evidence of a prior judgment
3 of conviction.

4     2. **FRE 803(6) Records of Regularly Conducted Activity**. Under long-
5 standing Ninth Circuit precedent, it is clear that public records like the Guatemalan
6 court records and the letters describing them are not admissible as records of regularly
7 conducted. *See United States v. Weiland*, 420 F.3d 1062 (9th Cir. 2005) ("The law of
8 this circuit has long established that public records, including records of conviction,
9 must be admitted, if at all, under Rule 803(8), or, in some cases, under a specific
10 hearsay rule, such as Rule 803(22), governing the admission of prior convictions.");
11 *United States v. Orellana-Blanco*, 294 F.3d 1143 (9th Cir. 2002) ("When public records
12 are used against a defendant in a criminal prosecution, the public records exception is
13 the exclusive applicable hearsay exception. It is the exception that speaks directly to
14 public records and carefully delineates the distinction between criminal and civil
15 proceedings in order to protect a defendant's rights under the confrontation clause.");
16 *United States v. Pena-Gutierrez*, 222 F.3d 1080 (9th Cir. 2000) ("[D]istrict courts
17 should admit [ ] law-enforcement reports, if at all, only under the public-records
18 exception contained in Federal Rule of Evidence 803(8).")

19     3. **FRE 803(8) Public Records**. Under Ninth Circuit law, these records are
20 also inadmissible under the public records exception. Under this exception, public
21 records are admissible if they set out: (i) the office's activities; (ii) a matter observed
22 while under a legal duty to report, but not including, in a criminal case, a matter
23 observed by law enforcement personnel; or (iii) in a civil case or *against the
24 government in a criminal case*, factual findings from a legally authorized investigation.
25 FRE 803(8). Proposed government exhibits 1 through 5 do not satisfy any of these
26 exceptions. Judicial opinions and letters describing them are not reports of an office's
27 activities. Nor are they statements of matters observed by the authors. Finally, factual
28 findings from a legally authorized investigation are only admissible when offered

*against* the government in a criminal case.  *See United States v. Sine*, 493 F.3d 1021 (9th Cir. 2007) (excluding a judicial opinion from another case of the defendant's offered by the government and noting that this "exception does not apply against criminal defendants."). Even if this were not the case, judicial opinions and letters describing them are not factual findings from a legally authorized investigation and so the decisions and letters fail to satisfy this exception for this independent reason as well. *Id*. ("Even in civil cases, where the exception does apply, several other circuits have held that it covers only factual findings by executive branch agencies and officials, not judicial factfinding.").

    4.    **FRE 803(16) Statements in Ancient Documents and FRE 807 Residual Exception**.

Having failed to satisfy the specific exceptions that might apply to the judicial opinions and letters describing them, the government cannot find refuge in more general hearsay exceptions like Rule 803(16) or the catch-all provision of 807. *United States v. Nguyen*, 465 F.3d 1128, 1132 (9th Cir. 2006) (holding that a judgment of conviction was not admissible as a public record under Rule 803(8) because there is a more specific limitation on the admission of judgments of convictions under Rule 803(22)); *United States v. Weiland*, 420 F.3d 1062, 1074 (9th Cir. 2005) ("The government may not circumvent the specific requirements of Rule 803(8) by seeking to admit public records as business records under Rule 803(6)").  This well-established principle is especially important in a criminal case where the government seeks to introduce evidence against a defendant because the rules that could potentially apply to judicial opinions from a defendant's prior criminal case—Rule 803(8) and 803(22)—were crafted with the Confrontation Clause in mind.

Even if there were no other specific exceptions that might potentially apply to the government's proposed exhibits 1 through 5 and even if admitting them did not violate Mr. Valiente Alonzo's rights to confront the witnesses against him, these documents still should not be admissible as ancient documents or under the residual exception

because they contain double and triple hearsay and the authors of the opinions lack firsthand knowledge about the subject matter.  *See* FRE 805 (noting that each layer of hearsay must come under a hearsay exception in order to be admissible); FRE 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").  *See also Langbord v. US Dep't of Treasury*, 832 F.3d 170, 189-90 (3d Cir. 2016) (holding that hearsay-within-hearsay rule applies to ancient documents hearsay exception, and reasoning that "double hearsay statements in an ancient document are not reliable because '[t]he author of the ancient document may have misheard or misunderstood the hearsay statement or his written words may not convey the meaning intended by the hearsay declarant.'"); *United States v. Hajda*, 135 F.3d 439, 444 (7th Cir. 1998) (holding that hearsay-within-hearsay rule applies to ancient documents hearsay exception); *United States v. Habteyes*, 356 F. Supp. 3d 573, 586 (E.D. Va. 2018) (same).  *But see Chemehuevi Indian Tribe v. McMahon*, 934 F.3d 1076, 1081 (9th Cir. 2019) ("The district court erred in excluding the Kelsey report as hearsay. It is plainly admissible as an ancient document, Fed. R. Evid. 803(16), which may contain multiple levels of hearsay. 30B Charles Alan Wright & Jeffrey Bellin, Federal Practice & Procedure § 6935 (2018 ed.) ('[E]xclusion of statements in qualifying ancient documents on the grounds that the author lacked firsthand knowledge, or (relatedly) that the document contains hearsay-within-hearsay should be rare.').").

Under the Ninth Circuit's decision in *Chemehuevi*, it is unclear when ancient documents with multiple layers of hearsay may be admissible and when they must be excluded.  Looking to the reason for the exception may be helpful in determining whether it could apply in this case.  The Advisory Committee Notes to Rule 803(16) make clear that one reason for the exception is that the old age of an ancient document affords assurance that it was authored well before any motive or bias related to the instant controversy would have formed.  *See* Fed. R. Evid. 803(16), Advisory Committee Notes, 1972 Proposed Rules, Note to Paragraph (16).  That may be true but

the defense has shown that there are *other* reasons to doubt the veracity of the statements made in the judicial opinions.  (*See* MIL to Exclude the Nature of Mr. Valiente Alonzo's Prior Case, Dkt No. 71.)  Indeed, the Advisory Committee itself has recognized that there is nothing inherently reliable about a document just because it was written many years ago.  2015 Advisory Committee Proposed Abrogation of Ancient Documents Exception ("The ancient documents exception to the rule against hearsay has been abrogated. The exception was based on the flawed premise that the contents of a document are reliable merely because the document is old. While it is appropriate to conclude that a document is genuine when it is old and located in a place where it would likely be — see Rule 901(b)(8) — it simply does not follow that the contents of such a document are truthful.").  Because the government cannot make an end-run around Rules 803(8) and (22) by invoking the ancient documents or residual exception, because the documents contain double and triple hearsay, because the authors lack personal knowledge about the subject matter, and because the documents are not reliable, neither Rule 803(16) nor Rule 807 can salvage any part of the government's proposed exhibits that do not independently satisfy Rule 803(22).

### III.  CONCLUSION

The Court should exclude the Guatemalan court opinions and the letters describing those opinions, except for language in the court opinions that describes the final judgments reached by the Guatemalan courts.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: January 23, 2023          By  /s/ *Ramanujan Nadadur*
Ramanujan Nadadur
Deputy Federal Public Defender
Attorney for CATALINO VALIENTE ALONZO