E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JOSHUA O. MAUSNER (Cal. Bar No. 260251)
Assistant United States Attorneys
Chief, Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0619
     Facsimile: (213) 894-3713
     E-mail:    joshua.mausner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-00059-DMG |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT'S *EX PARTE* APPLICATION FOR FURTHER COMPETENCY PROCEEDINGS AND REQUEST FOR STATUS CONFERENCE (Dkt. 235) |
| v. | |
| CATALINO ESTEBAN VALIENTE ALONZO, | |
| Defendant. | |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Joshua O. Mausner, hereby files its Response to Defendant Catalino Esteban Valiente Alonso's ("defendant") Second *Ex Parte* Application for Determination of Competency (Dkt. 235).

//

//

This Response is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: February 1, 2024              Respectfully submitted,

                                        E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

  /s/
JOSHUA O. MAUSNER
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  Introduction**

Defendant is charged in the one-count Indictment with knowing use of a lawful permanent resident card that was procured by means of a false claim or statement, in violation of 18 U.S.C. § 1546(a).  The Indictment was filed on February 6, 2018.  Defendant was tried and convicted in January 2023.  In June 2023, this Court granted defendant's motion for new trial.  Retrial is currently set for March 12, 2024.

**II.  Background on Prior Competency Proceedings**

Prior to the initial trial in this matter, in July 2022, defendant moved *ex parte* to continue trial or in the alternative for a competency evaluation (Dkts. 93, 95.)  The Court granted the *ex parte* request and ordered a competency evaluation (Dkts. 101, 110).  Both parties retained experts, at their own expense, who conducted separate evaluations of defendant's competency for trial.  The government retained Dr. Diana Goldstein, and defendant retained two experts, Drs. Miguel Gallardo and Arthur Kowell.

Following issuance of the respective experts' reports, this Court ordered the parties to meet and confer on the appointment of a fourth expert, to be appointed by the Court, to conduct an additional, independent evaluation of defendant's competency (Dkts. 119, 127).  The Court ultimately selected Dr. Ryan Darby as the neutral Court expert (Dkt. 134).  The Court also ordered that the costs of retention of this independent expert "shall be borne by the Department of Justice" (Dkt. 134).

After submission of extensive reports and analysis from four experts – the government's expert, defendant's two experts, and the

Court's independent expert, Dr. Darby – this Court conducted a full-day competency hearing on December 19, 2022, in which it heard testimony and cross-examination of all four experts (Dkt. 144). Following the hearing, the parties submitted briefing on defendant's competency (Dkts. 147-155).

On December 27, 2022, this Court issued an order finding defendant competent to stand trial (Dkt. 156). Specifically, the Court found:

> Neither of Dr. Gallardo's reports includes a conclusion regarding Defendant's competency to stand trial. [See Doc. ## 115, 142; *see also* Doc. # 115 at 18-27 (Dr. Kowell's report, which also did not reach a conclusion regarding competency).] The Court is not persuaded by Dr. Gallardo's late-blooming conclusion of incompetency during his hearing testimony, given Dr. Gallardo's conclusion that Defendant is in "the beginning stages of what I am calling some cognitive impairments." [Doc. # 145 at 37-38.] The Court finds Dr. Darby, whom the Court appointed as an independent, neutral expert, to be more credible than Defendant's experts, to the extent there is a conflict.

(Dkt. 156 at 2.)

**III. Response to Current Request for Further Competency Proceedings[1]**

Following extensive examination, reports, and testimony by four physicians just over one year ago, this Court found defendant competent to stand trial. While competency can change over time, the concerns raised in defendant's current *ex parte* application regarding competency appear to be similar to the concerns that were previously raised – confusion regarding criminal versus immigration proceedings and difficulty in conducting some of life's tasks. These concerns were previously considered by the examining experts and this Court in

---

[1] For expediency in responding to defendant's request on an *ex parte* timeline, the government respectfully incorporates its arguments and briefing on defendant's prior *ex parte* request for competency evaluation (Dkt. 96).

2

1 reaching the prior competency determination.  Based on the evidence
2 currently provided, there does not appear to be new "substantial
3 evidence" meeting the "high bar" for what constitutes a "bona fide
4 doubt" that defendant's mental capacity to stand trial is genuinely
5 at issue.  Clark v. Arnold, 769 F.3d 711, 729 (9th Cir. 2014).
6    However, the government does not take defense counsel's concerns
7 regarding Mr. Valiente's well-being and potential competency lightly
8 or without similar concern.  To the extent the Court is inclined, in
9 an abundance of caution, to order further competency proceedings, the
10 government would request that such proceedings be conducted
11 expeditiously and with minimal delay to further proceedings in this
12 matter, and that the costs of any further evaluation be borne by the
13 defense.
14    Accordingly, the government would request a status conference at
15 the Court's earliest convenience such that the Court may inquire
16 further regarding whether there is substantial evidence of a change
17 in defendant's condition warranting further competency proceedings,
18 and if so, which expert will conduct the further evaluation, the
19 timing of such proceedings, and any necessary continuance of the
20 trial date.